### A. E. I., The, (SLOAN v.)

[See Sloan v. The A. E. I., Case No. 12,946.]

---

### AEOLIAN, The, (LOGAN v.)

[See Logan v. The Aeolian, Case No. 8,465.]

---

## Case No. 95.

### AERTSEN v. The AURORA.

[Bee, 161.][1]

District Court, D. South Carolina.   Sept., 1800.

ADMIRALTY—JURISDICTION — SEAMEN — ARTICLES STIPULATING FOR REGULATION BY LAW OF HOME PORT.

Seamen may be moderately corrected by the captain. This court will not interfere where they are bound by articles to submit all disputes to a home tribunal.

[Cited in Bucker v. Klorkgeter, Case No. 2,083.]

[1][Reported by Hon. Thomas Bee, District Judge.]

[In admiralty. Libel for wages. Dismissed.]

BEE, District Judge. This is a suit instituted for seamen's wages, and to obtain a discharge, on account of the captain's having ill treated them. The crew consisted of eleven persons, two of whom are cabin boys. The rest are joined in this application. The question for me is whether these men have suffered such ill treatment as will justify me in ordering their discharge, and payment of their wages.

A master of a vessel is authorized by law to correct his seamen moderately. In this instance it has been proved that the captain, at different times during the voyage; struck three of the libellants with his fist; these were the boatswain, the cook, and a seaman named Hanson. It seems that after being eleven weeks at sea, they were restricted to an allowance of water of a bottle per man; and this caused discontent. The boatswain, going at the head of the crew to demand more, was ordered off the quarter deck. On his refusing to comply, a scuffle ensued, and the captain struck him once or twice with his fist. For the same cause he struck Hanson, and threatened to shoot him, if he did not go away; he ordered his pistol to be brought up, but this was not done. The cook was also struck once by the captain, with his fist, for having unnecessarily consumed the wood.

There is evidence of the captain's having a pistol on deck twice; once, when he loaded it to shoot a dog that had bit him; and at another time to intimidate the crew; but in the last instance there is no proof that it was loaded. The captain, indeed, swears expressly that it was not; and his answer must be admitted because there are not two witnesses to contradict it. From this evidence, I do not see sufficient cause to entitle these three men to their discharge: 1st, because no unlawful weapon was used; 2dly, because there was provocation enough to justify blows with the fist. The rest of the crew have shown no claim whatever to their discharge. It is true that the captain was frequently intoxicated during the voyage; but there is no proof of his having struck one of the others. It appears that their allowance of water was increased, and that they had their brandy daily.

This is the case of a neutral vessel, the crew of which are bound by their articles to return to Hamburgh, before they are entitled to receive their wages; and the 12th of those articles stipulates that every thing not specified therein shall be regulated according to the marine law of Hamburgh for regulating the conduct of officers and seamen aboard vessels belonging to that place.

Let the suit be dismissed with costs.